1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JERRY W. BAKER,

10              Plaintiff,                    No. CIV S-12-0663 GGH P

11        vs.

12   C/O JANES, et al.,

13              Defendants.                   ORDER

14   _____/

15              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

16   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

17   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1).

19              Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

23   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

24   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

25   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

26   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1

account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

1  that allows the court to draw the reasonable inference that the defendant is liable for the

2  misconduct alleged." Id.

3        In reviewing a complaint under this standard, the court must accept as true the

4  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

5  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

6  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

7  1843 (1969).

8        The complaint states a colorable claim for relief against defendant Correctional

9  Office (C/O) Janes for use of excessive force against plaintiff, pursuant to 42 U.S.C. § 1983 and

10  28 U.S.C. § 1915A(b).

11        Although the court has found plaintiff's claim of having been attacked and beaten

12  on March 11, 2012, a cognizable one against defendant Janes, plaintiff's allegations against

13  defendants Lt. Marsh, Gary R. Stanton, C/O Fong and Sgt. Jorgensen are too insubstantial as

14  presently constituted.  Plaintiff alleges simply that these latter defendants "took part in 'covering

15  up' the incident or responded to the grievance."  Complaint, p. 3.

16        Fed. R. Civ. P. 8 requires "sufficient allegations to put defendants fairly on notice

17  of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Plaintiff

18  must provide some factual predicate for his conclusory claims.

19        With respect to any claims against the defendants' involvement in the

20  administrative grievance procedure, plaintiff is informed that prisoners do not have a "separate

21  constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334

22  F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even

23  the non-existence of, or the failure of prison officials to properly implement, an administrative

24  appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams,

25  855 F.2d 639, 640 (9th Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

26  1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10

1   (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any

2   substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest

3   requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a

4   failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State

5   regulations give rise to a liberty interest protected by the Due Process Clause of the federal

6   constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

7   and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin

8   v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1]   Plaintiff's due process claims

9   against these defendants will be dismissed but plaintiff will be granted leave to amend.

10           Defendants sued in their individual capacity must be alleged to have: personally

11   participated in the alleged deprivation of constitutional rights; known of the violations and failed

12   to act to prevent them; or implemented a policy that repudiates constitutional rights and was the

13   moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646

14   (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th

15   Cir. 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v.

16   Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not

17   every injury in which a state official has played some part is actionable under that statute."

18   Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).  "Without

19   proximate cause, there is no § 1983 liability."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 837

20   (9th Cir. 1996).

21

22           [1]  "[W]e recognize that States may under certain circumstances create liberty interests
which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S.
23   369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to
freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
24   to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494
25   U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic
drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the
26   ordinary incidents of prison life." Sandin v. Conner, supra.

4

1    The search, which was performed in accordance with this
     constitutionally valid strip search policy, was subsequently ratified
2    by the School Board when Mr.Williams filed a grievance.
     Therefore, Williams' only grasp at evoking municipal
3    liability under § 1983 is to show that this subsequent ratification is
     sufficient to establish the necessary causation requirements.  Based
4    on the facts, the Board believed Ellington and his colleagues were
     justified in conducting the search of Williams.  There was no
5    history that the policy had been repeatedly or even
     sporadically misapplied by school board officials in the past.
6    Consequently, the School Board cannot be held liable for the
     ratification of the search in question, because this single, isolated
7    decision can hardly constitute the "moving force" behind the
     alleged constitutional deprivation.

8

9    Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

10        This court is unwilling to adopt a rule that anyone involved in adjudicating

11   grievances after the fact is per se potentially liable under a ratification theory.  However, this is

12   not to say that persons involved in adjudicating administrative disputes, or persons to whom

13   complaints are sometimes made can never be liable under a ratification theory.  If, for example, a

14   reviewing official's rejections of administrative grievances can be construed as an automatic

15   whitewash, which may have led other prison officials to have no concern of ever being

16   reprimanded, a ratifying official may be liable for having put a defective policy in place.

17        In this instance, as noted, plaintiff's allegations against defendants Marsh,

18   Stanton, Fong and Jorgensen are too vague and do not even specify who denied his grievances or

19   when he filed them.  Plaintiff has not set forth facts with regard to any of these defendants

20   sufficient to suggest that they are liable to him under a ratification theory, and they will be

21   dismissed on that ground as well, but plaintiff will be given leave to amend.

22        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

23   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

24   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

25   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

26   there is some affirmative link or connection between a defendant's actions and the claimed

5

deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's claims against defendants Marsh, Stanton, Fong and Jorgensen are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

\\\\\
\\\\\
\\\\\
\\\\\

1                4.  Upon filing an amended complaint or expiration of the time allowed therefor,

2  the court will make further orders for service of process upon some or all of the defendants.

3  DATED: April 20, 2012

4                                    /s/ Gregory G. Hollows

                             UNITED STATES MAGISTRATE JUDGE

5

6  GGH:009
    bake0663.b1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26